**Henry Ruhl, Appellant, v. Richard Gambrill, Appellee.**

**Gen. No. 17,722.**

1. LIMITATIONS OF ACTIONS—*part payment.* The theory upon which part payment of a debt takes a case out of the statute of limitations is that the party making the payment intended by it to acknowledge and admit the greater debt to be due, and if it was not in the mind of the debtor to do this, the operation of the statute will not be affected by the payment.

2. LIMITATIONS OF ACTIONS—*part payment.* Payment of a part of a debt is not enough to remove the bar of the statute of limitations unless it is made under such circumstances that a promise to pay the remainder may be reasonably inferred from it.

3. LIMITATIONS OF ACTIONS—*burden of proof.* In an action by the payee of a note against the maker, on a plea of limitations and replication of a part payment within ten years next before the commencement of suit, plaintiff has the affirmative of the issue and must prove the averment of his replication by a preponderance of evidence.

4. LIMITATIONS OF ACTIONS—*evidence of part payment.* On an issue whether part payments of a note removed the bar of the statute of limitations, the payee testified that four payments were made within ten years before commencing suit, but the testimony was given without entering into details as to the several payments and in such a way as to invoke statements of conclusions rather than a narrative of facts. The maker testified that before making the payment he expressly stated to the payee that the note was outlawed, that he would never recognize it as binding, but that he would pay such sum as he felt morally bound to pay. *Held*, a verdict for the maker would be sustained.

Appeal from the Superior Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate

Court at the October term, 1911.  Affirmed.  Opinion filed December 17, 1912.  Rehearing denied December 31, 1912.

THEODORE H. WUNDERLICH, for appellant; JOHN H. KANE, of counsel.

JAMES E. MUNROE, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Henry Ruhl, appellant, a resident of Baltimore, Maryland, brought an action against appellee on the 14th day of June, 1909, upon a promissory note for $1,584.44, dated Baltimore, January 20, 1885, made by appellee, payable to the order of appellant six months after its date.  The note, therefore, fell due on the 20th day of July, 1885,—a period of nearly twenty-four years before the beginning of this action.

The declaration consists of a special count on the note and the common counts.  The defendant pleaded, first, the general issue to the whole of the declaration; second, to the special count on the note a plea of want of consideration; third, to the whole declaration, that none of the several supposed causes of action therein mentioned accrued to plaintiff at any time within ten years next before the commencement of the suit; and, fourth, to the special count of the declaration the defendant filed a plea setting up a certain statute of the state of Maryland enacted prior to January 20, 1885, by which it was provided that all actions of account, *assumpsit,* on the case and of debt on simple contract, should be commenced, sued, or issued within three years from the time the cause of action accrued; and that the cause of action sued on was barred by the statute of Maryland and by the statute of Illinois. Plaintiff, appellant, by replication to each of the third and fourth pleas averred that the defendant made a part payment on the note sued on within ten years next before the commencement of the suit, and that

said part payment removed the bar of the statute of limitations.

The execution of the note or the consideration therefor was not questioned on the trial. The matter open to litigation and actually litigated was whether within ten years prior to the 14th day of June, 1909, the day of the commencement of the suit, appellee made to appellant a part payment upon the promissory note under such circumstances as to give rise to the implication of a new promise on the part of appellee to pay the balance of the note. By the pleadings, appellant alleged that appellee made such part payment and appellee alleged that he did not make such part payment. Thus appellant had the affirmative of the issue and was bound to prove by a preponderance of the evidence the averment of his amended replications.

The case was tried before the court without a jury. The only witnesses were appellant on one side and appellee on the other. Each testified in person before the court, and his appearance, demeanor, manner of testifying, degree of intelligence, candor and fairness, or lack of these qualities, came under the direct observation and scrutiny of the trial judge. After hearing the evidence, the court found the issues in favor of appellee.

The note sued upon had four endorsements upon it of alleged payments all in the handwriting of appellant, the earliest of which bore date nearly fourteen years after the maturity of the note. The first endorsement was of $200 cash, under date of June 19, 1899; the second of $50 cash, under date of June 20, 1900; the third $250 cash, under date of October 7, 1900; and the fourth of $250 by New York draft, under date of July 6, 1901. Appellant's testimony is to the effect that appellee made the four payments on the note at the times stated in the respective endorsements, but his testimony was given without entering into details as to the several transactions and in such a way as to involve statements of conclusions rather than a

narrative of facts involved in the supposed payments as they occurred.

On the other hand appellee testified that he paid appellant $200 on June 19, 1899; $50 on the next day, June 20, 1899; $250 on October 7, 1900; and $250 by New York draft, mailed by him at Chicago to appellant in Baltimore; that before the making of the first of these four payments and preceding or concurrently with the making of the other three payments, appellee expressly stated to appellant that the note was outlawed, and that appellee never would recognize it as binding upon him or pay anything upon it; but that he, appellee, considered himself morally bound to pay appellant something on account of their old transactions, and would pay appellant such sum, not exceeding altogether $1,000, as appellee felt he should pay appellant, and in our opinion appellant accepted the several payments with the express understanding that none of them should be credited upon the note or should be regarded as made upon the note.

Considering all the evidence offered on the trial, we are of the opinion that plaintiff failed to prove by a preponderance of the evidence, the affirmative issue made by him that appellee made the payments on the promissory note under such circumstances as to give rise to the implication of a new promise on 'the part of appellee to pay the balance of the note. The theory upon which part payment of a debt takes a case out of the statute is that the party making the payment intended by it to acknowledge and admit the greater debt to be due. If, therefore, it was not in the mind of the debtor to do this then the operation of the statute will not be affected by the payment.

Payment of a part is not enough unless it is made under such circumstances that a promise to pay the remainder may be reasonably inferred from it. Tippets v. Heane, 1 Cromp. M. & R. 252; Wainman v. Kynman, 1 Exchqr. 118; Lowery v. Gear, 32 Ill. 383;

Kallenbach v. Dickinson, 100 Ill. 427; Miller v. Cinnamon, 168 Ill. 447; Brown v. Lathman, 58 N. H. 30.

As the action of the court on the propositions of law would not affect the result we do not consider it necessary to discuss it.

The judgment is affirmed.

*Affirmed.*